NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-3158
_____

ANTWYNE WHALEY,
Appellant

v.

TONY B. WATTLINGTON, SUPERINTENDENT PHILADELPHIA SCHOOL
DISTRICT; PHILADELPHIA SCHOOL DISTRICT; LEWIS ELKINS ELEMENTARY
SCHOOL; CHARLOTTE GILLAM-MADDOX, PRINCIPAL; FRANKLIN HINTON,
COUNSELOR; PHILADELPHIA DEPARTMENT OF HUMAN SERVICES; TYRIE
SEALY, SOCIAL WORKER D.H.S.; CHRISTOPHER LI, SOCIAL WORKER D.H.S.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2-23-cv-01344)
District Judge:  Honorable Gerald J. Pappert
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 18, 2024

Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: September 20, 2024)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Antwyne Whaley, proceeding pro se, appeals an order of the District Court dismissing his civil rights complaint. For the reasons that follow, we will affirm.

Whaley filed a complaint against the Philadelphia School District, Lewis Elkins Elementary School, the Philadelphia Department of Human Services, and certain employees arising out of an alleged false report of child abuse. Whaley averred that his son attended school virtually on April 9, 2021. Franklin Hinton, an elementary school counselor, asked his son why he had not come to school and asked about an "alleged baseball size lump" on the side of his head. Complaint at 6. Whaley's son replied that he did not go to school because he was jumping on the bed with his friend, fell off, and hit his face. Hinton asked whether that was really what happened. Whaley overheard, stepped in front of the computer, and explained why his son was not in school.

The Philadelphia Department of Human Services received a report about the incident. Christopher Li, a DHS social worker, visited Whaley's home to investigate. Li told Whaley that he thought he would have to remove his son from the home based on the report. Li then interviewed Whaley's son and told Whaley that there were no signs of abuse.

Whaley asked the school principal, Charlotte Gillum-Maddox, if he could speak with her about the allegations. He also called the Philadelphia School District and notified the District's Office of the Inspector General about the incident. Gillum-Maddox contacted Whaley after she received his complaint from the School District. She told Whaley that she was not permitted to share Hinton's report but that she could meet with

2

him.  Whaley declined a meeting and has been unable to obtain information about the status of his complaints to the School District or the investigation by DHS.

Based on these allegations, Whaley claimed violations of 42 U.S.C. § 1983, Pennsylvania state law, and Title IX of the Education Amendments of 1972.  He claimed, among other things, that there was no policy or process to address a false report of abuse or bring a complaint, a failure to train about false reporting, and a failure to turn over reports and complete the investigation.

The District Court granted the defendants' motions to dismiss Whaley's complaint for failure to state a claim for relief.  It construed the complaint as asserting a claim under Monell v. Department of Social Services of New York, 436 U.S. 658 (1978), insofar as Whaley claimed that his rights were violated as a result of a policy or custom, and as asserting violations of his substantive and procedural due process rights during the child abuse investigation.  The District Court ruled that Whaley could not state a plausible due process claim and that, absent a constitutional violation, he did not state a claim under Monell. The District Court also ruled that Title IX was not implicated, that it would not exercise supplemental jurisdiction over Whaley's state law claims, and that amendment of the complaint would be futile. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise de novo review over a grant of a motion to dismiss.  Doe v. Univ. of Sci., 961 F.3d 203, 208 (3d Cir. 2020).

Whaley argues on appeal that he has been deprived of his substantive and procedural due process rights based on Hinton's false report and the lack of notice as to

3

the outcome of the investigation. We agree with the District Court, however, that Whaley's complaint does not state a plausible claim for a violation of his due process rights. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (stating the pleaded facts must allow the court to reasonably infer that a defendant is liable).

As the District Court recognized, a disruption of family life caused by a child abuse investigation "does not, in and of itself, constitute a constitutional deprivation." Croft v. Westmoreland Cnty. Child. & Youth Servs., 103 F.3d 1123, 1125-26 (3d Cir. 1997). In order to violate substantive due process, the defendants' actions must "reach a level of gross negligence or arbitrariness that indeed 'shocks the conscience.'" Mulholland v. Gov't Cnty. of Berks, Pa., 706 F.3d 227, 241 (3d Cir. 2013) (citation and quotation marks omitted). Although Whaley contends that his son was not injured, Hinton's preparation of a report based on his son's statements and DHS' investigation do not satisfy this standard. See id. (noting that a welfare agency must "'consciously disregard[] a great risk that there had been no abuse'") (citation omitted).

The District Court also did not err in ruling that Whaley did not state a claim for a violation of his procedural due process rights. Such a claim requires the deprivation of an interest protected by the Fourteenth Amendment. Id. at 238. While Whaley has a protected liberty interest in the custody, care, and management of his children, he was not deprived of that interest based on the investigation. Croft, 103 F.3d at 1125.

Whaley appears to argue that the lack of a determination that there was no abuse exposes him to potential consequences in the event his name is placed on Pennsylvania's ChildLine Abuse Registry. Whaley, however, does not state that his name is on the

4

registry, nor has he been notified that his name will be placed on the registry. In addition, Whaley obtained the records from DHS' investigation after he filed his brief. In his reply brief, he states that the records include a May 2021 letter by Li informing him that there was no evidence that his family needed protective services and that the case was closed. Whaley contends that the letter was falsified because he never received it, but absent the deprivation of a protected interest, he does not state a procedural due process claim.

To the extent Whaley asserts that there was a failure to train and monitor Hinton, he has not shown that he has a plausible claim for relief under <u>Monell</u> for substantially the reasons stated by the District Court. Memorandum at 8 n.6. Insofar as Whaley argues that the defendants were negligent, the District Court declined to exercise supplemental jurisdiction over his state law claims and he does not challenge that ruling. Finally, Whaley states in his reply brief that the District Court did not afford him leave to amend his complaint. However, he has not called into question its ruling that amendment would be futile.

Accordingly, we will affirm the judgment of the District Court.